## MARTIN NASH *vs.* BRADFORD S. FARRINGTON.

Provisions procured and kept both for the purpose of sale and for the use of the debtor's family, and not set apart or claimed, at the time, to be held for the latter use, are not exempt from seizure on execution, under *St.* 1857, *c.* 235.

TORT against a deputy sheriff for the conversion of certain West India goods and groceries.

At the trial in the superior court, the principal question was, whether the articles, which were admitted to have been taken by the defendant on an execution against the plaintiff, were exempt from seizure, under *St.* 1857, *c.* 235. The report of an auditor was read in evidence, which stated that the plaintiff kept them in the basement of his dwelling-house, which was used for a shop; that he had a large family; that he had no other place in the house for keeping groceries and provisions for family use; that the articles were bought and kept there both for the purpose of sale and for the use of his family, to the extent to which the same might be required; that whenever any of said articles were required for the use of his family they were taken and used, and sales were made from the same supply; and that he made no claim upon the defendant for any of the property as exempt from seizure on execution. *Lord*, J. instructed the jury that if the place where the articles were kept was one of public traffic, and the facts were as stated in the auditor's report, the articles would not be exempt from seizure on execution, although they were in their nature provisions and necessaries otherwise within the meaning of the statute.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. L. Burt*, for the plaintiff.

*W. G. Russell*, for the defendant, was not called upon.

METCALF, J. The question in this case is, whether the articles which the defendant seized and sold on an execution against the plaintiff were exempted from execution by *St.* 1857, *c.* 235, (reënacted by Gen. Sts. *c.* 133, § 32,) as " provisions, necessary,

procured and intended for the use of the family " of the plain-
tiff. And upon the facts which the jury, on the instructions
given to them, must have found, the court are of opinion
that those articles were not thus exempted. They were pro-
cured and intended, by the plaintiff, as a stock in trade, for the
purpose of being sold by him, as well as for the use of his
family. None of them were set apart for that use before they
were seized on execution, nor did the plaintiff, after they were
so seized, claim any part of them as exempt from execution.
The defendant found them in the basement of the plaintiff's
dwelling-house, where the plaintiff kept them for sale ; and it
does not appear that the defendant had any knowledge or rea-
son to suppose that they were kept there for any other purpose.

We think the proper instructions were given to the jury, and
that the exceptions cannot be sustained.

*Exceptions overruled.*